# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2002

———————

Saeed Pirooz,                                                           *
                                                                       *
            Appellee,                        *
                                                                       *  Appeal from the United States
    v.                                                         *  District Court for the
                                                                       *  Eastern District of Missouri.
MEMC Electronic Materials, Inc.,                                       *
                                                                       *  [UNPUBLISHED]
            Appellant.                       *

———————

Submitted: April 9, 2007
Filed: July 2, 2007

———————

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

MEMC Electronic Materials, Inc. (MEMC) appeals from the district court's[1] order denying its motion to vacate an arbitration award and granting Saeed Pirooz's complaint for confirmation of the award. We affirm.

Pirooz was an employee of MEMC, a manufacturer of silicon wafers, from July 1990 until February 2002, when MEMC terminated his employment. During his employment, Pirooz entered into an Employment Agreement in which he agreed that,

———————

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

for two years after his termination, he would not "engage in or contribute [his] knowledge to any work or activity that involves a product, process, apparatus, service or development which is then competitive with or similar to a product, process, apparatus, service or development on which [he] worked . . . while at MEMC." Upon Pirooz's termination, he and MEMC entered into a General Release and Waiver Agreement that reaffirmed these obligations. It also provided that MEMC would pay Pirooz certain severance benefits, that these severance benefits would be subject to forfeiture if Pirooz breached his obligations, and that any dispute between the parties with respect to Pirooz's employment or the agreement would be resolved by arbitration.

Approximately fifteen months after his termination from MEMC, Pirooz began working for Soitec USA, Inc. MEMC subsequently brought an arbitration action against Pirooz, alleging that he had violated his non-compete obligations by working for Soitec within two years of his termination. MEMC sought the forfeiture of all severance payments and other benefits that it had paid Pirooz under the General Release and Waiver Agreement, as well as prejudgment interest and attorneys' fees. The arbitrator concluded that MEMC had not shown that Pirooz breached the contract, stating that MEMC had not carried its "burden of proving that while [Pirooz] worked for MEMC it had a product, process, apparatus, service or development 'then competitive with or similar to a product' sold by Soitec." The arbitrator also awarded Pirooz attorneys' fees. Pirooz thereafter filed a complaint seeking confirmation of the arbitration award. MEMC filed a motion to vacate the award, alleging that 1) the arbitrator exceeded the power granted to him; 2) the award was not mutual, final, and definite; and 3) the award failed to draw its essence from the agreement and evidenced a manifest disregard for the law. After rejecting MEMC's arguments, the district court denied MEMC's motion to vacate and granted Pirooz's request to confirm the arbitration award.

On appeal, MEMC raises the same arguments that it raised before the district court. Having reviewed the record and the parties' submissions, we agree with the conclusions reached by the district court and affirm on the basis of its thorough, well-reasoned Memorandum and Order. <u>See</u> 8th Cir. Rule 47B.

The judgment is affirmed.

_____